THE STATE OF OHIO, APPELLANT, *v.* CANNON, APPELLEE.

(No. 243—Decided March 24, 1942.)

*Mr. H. K. Bostwick,* prosecuting attorney, for appellant.

*Mr. H. J. Thrasher,* for appellee.

PHILLIPS, J. Defendant was charged in the court of a justice of the peace of Auburn township, Geauga county, upon the affidavit of a state patrolman with unlawfully operating an automobile over and along a

state highway while under the influence of alcohol contrary to the provisions of Section 6296-30, General Code. Upon arraignment there he pleaded not guilty and on preliminary hearing was bound over to the lower court, in which a transcript of the proceedings of the justice of the peace, the affidavit and warrant were duly filed, and where an appearance bond was fixed, posted and defendant released.

Nine days prior to the scheduled date for the grand jury to convene the prosecuting attorney of Geauga county duly executed and filed an information against defendant on the charge set forth in the police officer's affidavit and upon his instructions defendant was notified by the sheriff to appear for arraignment.

Defendant failed to appear, and a warrant was issued for his arrest on the information, and he was arrested, jailed, released on bond and subsequently duly brought before the lower court. A copy of the information was there served upon his counsel, and defendant refusing to plead, the lower court entered a plea of not guilty.

The defendant appeared for trial on the date duly and regularly assigned by the lower court, a jury was impanelled and sworn, and the state's first witness was called, sworn and his name inquired. Defendant then moved the court "to quash the service upon this information, service of summons, any service or process, and move the discharge of the defendant." Hearing was had thereon, the motion was sustained and defendant was discharged.

The form or sufficiency of the information or constitutionality of Section 13437-34, General Code, under which the information was issued are not questioned and the state admits defendant has been in jeopardy. Therefore we need not and do not pass upon those questions.

The state claims that the defendant could be legally tried upon the information filed.

Defendant admits that the offense could be presented legally to the lower court by information or indictment, but contends that it could not be presented by both, and since he was bound over to the lower court, he could not be tried legally upon an information subsequently filed, but was entitled to have evidence of commission of the offense presented to the grand jury.

The sole question then presented by the state's appeal is whether having been bound over to the lower court defendant could be tried legally upon an information subsequently duly verified and filed by the prosecuting attorney or could thereafter be tried legally only upon indictment by the grand jury.

The answer to that question is found in Section 13437-34, General Code, which provides as follows:

"In prosecutions for misdemeanor in the Court of Common Pleas, indictment by the grand jury shall not be necessary, but such prosecution may be upon information filed and verified by the prosecuting attorney of the county, or by affidavit when such method is by statute especially provided. The provisions of law as to form and sufficiency, amendments, objections and exceptions to indictments and as to the service thereof shall apply to such informations."

Apparently Section 13437-34, General Code, was enacted for the purpose of obviating the necessity of presenting misdemeanor cases to the lower court by indictment, and expediting and simplifying the trials of those charged therewith, and saving the county the expense attendant upon presentation thereof to the grand jury. Accordingly by the provisions thereof informations are accorded equal dignity with indictments in misdemeanors. 31 Corpus Juris, 570, Section 18. Further, see Corpus Juris on Indictments and Informations.

That section of the Code dispensed with the necessity of indicting defendant and authorized the prosecuting attorney in his discretion to present the instant case to the lower court by indictment or information, but did not expressly or by implication limit his authority to file such information only if defendant was not previously bound over to the lower court, and in our opinion he could present it either before or after defendant was so bound over. Any other interpretation would disturb the stability and limit the usefulness of that section for in innumerable cases the prosecuting attorney is first informed of the commission of the offense after defendant is bound over to the trial court, and the contrary is not shown by the record submitted to us in this case.

Upon the facts presented in this case we are of opinion that the lower court erred prejudicially to the rights of the state in sustaining the defendant's motion and discharging him, and not proceeding to try the case upon its merits.

*Judgment reversed.*

CARTER, P. J., concurs.
NICHOLS, J., concurs in judgment.